OPINION
Appellant, Henry K. McCluney, appeals a decision of the Lake County Court of Common Pleas finding him to be a sexual predator. On January 23, 1987, appellant, then aged nineteen, kidnapped and raped a fifteen year-old female which led to his indictment and eventual conviction on one count of kidnapping, in violation of R.C. 2905.01; and one count of rape, in violation of R.C. 2907.02. On April 21, 1989, appellant was sentenced to serve an indefinite term of eight to fifteen years on the kidnapping charge, and ten to twenty-five years on the rape charge, to be served concurrently.
On September 7, 1999, appellant was found to be a sexual predator pursuant to R.C. Chapter 2950. Appellant timely filed a notice of appeal and now seeks a reversal of the trial court's determination that Ohio's sexual predator laws are valid and can be enforced against him. Appellant has raised seven assignments of error; six constitutional challenges to the law, and a manifest weight claim. We will address the constitutional issues first.
In the second assignment of error, appellant contends that R.C. Chapter 2950 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because it impairs one's fundamental rights to liberty and privacy. Under this assignment of error, appellant also argues that the statute denies him equal protection of the law.
Appellant's argument regarding fundamental rights has been expressly rejected by the Supreme Court of Ohio in State v. Williams (2000),88 Ohio St.3d 513, wherein the court held that Ohio's sexual predator laws do not improperly infringe upon a defendant's rights to privacy, the acquisition of property, a favorable reputation, or the ability to pursue an occupation. The Williams decision also rejected the argument raised by appellant that the sexual predator laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.Id. at 529-531.
In the third assignment of error, appellant asserts that R.C. 2950.09(C) is unconstitutionally vague. Specifically, appellant argues that the statute offers no meaningful guidance as to how to determine whether a defendant is a sexual predator, nor does it state which party has the burden of proof. These arguments were each rejected in Williams, supra, wherein the court also made it clear that the state has the burden of proof. Id. at 533.
In the fourth assignment of error, appellant submits that R.C. Chapter 2950 constitutes cruel and unusual punishment. While the Supreme Court of Ohio has not addressed this argument specifically, in State v. Cook
(1998), 83 Ohio St.3d 404, the court held that Ohio's sexual predator law was not punitive but, rather, remedial in nature. In light of this characterization, this court has recently held that the prohibition against cruel and unusual punishment has no application to the sexual offender laws. State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, at 6.
In the fifth assignment of error, appellant maintains that R.C. Chapter 2950 is an unconstitutional exercise of Ohio's police powers which unreasonably interferes with one's civil liberties and private rights. This argument was expressly rejected by the Supreme Court of Ohio inWilliams, supra, wherein the court held that Ohio's sexual predator laws do not violate Section I, Article I, of the Ohio Constitution.
In the sixth assignment of error, appellant argues that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution. The Supreme Court of Ohio, however, rejected this challenge in Cook, supra, after determining that the statutory scheme served a remedial purpose and was not punitive in nature.
In the seventh assignment of error, appellant contends that R.C. Chapter 2950 is unconstitutional on the basis that it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court of Ohio rejected this argument inWilliams, supra, due to its conclusion that the sexual predator proceedings are not criminal in nature.
Having addressed each of appellant's constitutional challenges to Ohio's sexual predator law, we now turn to appellant's manifest weight challenge which he raised in his first assignment of error. Appellant asserts that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
R.C. 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated patter of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contribute to the offender's conduct."
In the case sub judice, the trial court determined that appellant was a sexual predator after concluding that the following factors were relevant to this determination:
 "(a) The defendant was 19 years of age at the time of the offense.
 "(c) The victim was 15 years of age at the time of the offense.
 "(d) The sexually oriented offense for which the defendant was sentenced involved multiple perpetrators.
 "(g) Psychological reports submitted conclude that the defendant is likely to re-offend.
 "(h) The nature of the defendant's conduct showed a demonstrated pattern of abuse having committed a violent crime which was perpetrated by more than one person."
The trial court noted that in making its decision, it considered the victim impact statement, the report of the adult probation department, the reports of Drs. Fabian and McPherson, and the testimony of the victim.
After reviewing the record in this case, we conclude that the trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The record demonstrates that appellant, then aged nineteen, and three acquaintances picked up the victim, a fifteen year-old girl who was just leaving school for the day, by offering to give her a ride home on a cold, snowy afternoon. However, instead of driving her home, they drove her to the projects in Cleveland where two of the men, including appellant, proceeded to rape her. The reports filed by the doctors that evaluated appellant concluded that appellant continues to pose a threat to society and that the court "may wish to designate the classification of sexual predator for Mr. McCluney."
At the sexual predator hearing, after the state presented its case in support of a finding that appellant is a sexual predator, appellant declined to defend himself. His attorney stated:
 "Judge, Mr. McCluney has just informed me that he would not like to have a formal hearing with regard to this matter, I understand that the Court will adopt certain records and we would have no further comment with regard to that."
Hence, based upon the facts of this case, and the expert opinions of the only two doctors that evaluated appellant, we must conclude that the trial court's decision was not against the manifest weight of the evidence. Appellant's first assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________________________ WILLIAM M. O'NEILL, JUDGE
FORD, P.J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.